United States District Court
Southern District of Texas
**ENTERED**
March 24, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL G. PETERS, § | | |
| TDCJ # 02019190, § | | |
| § | | |
| Plaintiff, § | | |
| VS. § | CIVIL ACTION NO. 4:22-0760 | |
| § | | |
| KEN PAXTON, *et al.*, § | | |
| § | | |
| Defendants. § | | |

## ORDER OF DISMISSAL

Plaintiff Michael G. Peters is incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ). Peters proceeds *pro se* and seeks leave to proceed *in forma pauperis*. Having reviewed the pleadings, the plaintiff's litigation history, and all matters of record, the Court **DISMISSES** this case for the reasons explained below.

Under the "three strikes" rule found in the Prison Litigation Reform Act (PLRA), a prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted, unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Once a prisoner has accumulated three qualifying dismissals or strikes for purposes of § 1915(g), he may not proceed without prepayment of the filing fee unless he fits within the imminent-danger exception at the time his complaint is filed. *See Brown v. Megg*, 857 F.3d 287, 290 (5th

Cir. 2017); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). The threat of imminent danger must be "real and proximate" and allegations regarding past harms do not suffice. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *see Abdul-Akbarv. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) (en banc).

Peters has filed numerous previous lawsuits, including at least three civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief can be granted. *See Peters v. United States*, Civil Action No. 4:22-0617 (S. D. Tex. Mar.9, 2022) (listing nine strikes and past monetary sanctions); *Peters v. Atlas*, Civil Action No. 4:22-0080 (S.D. Tex. Jan. 13, 2022) (collecting over 20 cases filed by Peters in the past year); *Peters v. State of Texas*, Civil Action No. 4:17-2270 (S. D. Tex. July 27, 2017) (collecting Peters' past strikes, dismissing case, and issuing sanctions warning). Peters therefore may not proceed *in forma pauperis* absent a showing that he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); *Banos*, 144 F.3d at 885.

In this case, Peters brings civil-rights claims against Attorney General Ken Paxton, Governor Greg Abbott, and former Governor Rick Perry for false imprisonment, conspiracy, and organized crime. He states that Defendants have imprisoned him in order to cover up their corporate crimes in connection with Texas Children's Hospital and Baylor College of Medicine. He seeks $1.1 billion in damages (Dkt. 1).

Peters' allegations in his complaint are insufficient to show imminent danger of serious physical injury for purposes of § 1915(g). *See Brown*, 857 F.3d at 290; *Ciarpaglini*,

352 F.3d at 330. Because Peters is not otherwise eligible to proceed *in forma pauperis*, the Court will dismiss the complaint without prejudice as barred by § 1915(g).

Based on the foregoing, the Court **ORDERS** as follows:

1. Peters' motion for leave to proceed *in forma pauperis* (Dkt. 2) is **DENIED**.

2. Peters' complaint (Dkt. 1) is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g).

3. All other pending motions, if any, are **DENIED as moot**.

4. The Clerk is **INSTRUCTED** to provide a copy of this Order to the plaintiff and to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on _____March 24_____, 2022.

*George C. Hanks Jr.*
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE